Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| NOEMÍ RIVERA ROSA Y OTROS<br><br>*Apelados*<br><br>v.<br><br>BANCO POPULAR DE PUERTO RICO/POPULAR INC.<br><br>*Apelante* | KLAN202400466 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV00016<br><br>Sobre: Discrimen por Impedimento (Ley Núm. 44) y otros |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de julio de 2024.

Comparece ante nos el Banco Popular de Puerto Rico (BPPR o parte apelante) mediante recurso de *Apelación* presentado el 9 de mayo de 2024, en el que nos solicita la revisión de la *Sentencia Enmendada* emitida el 3 de abril de 2024, notificada el día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante el aludido dictamen, el foro primario desestimó la *Demanda* y ordenó el archivo del caso sin perjuicio.

Por los fundamentos que exponemos a continuación, **confirmamos** el dictamen apelado.

**I.**

El 3 de enero de 2023, la señora Noemí Rivera Rosa (señora Rivera Rosa), el señor Jorge A. Meléndez Valentín (señor Meléndez Valentín) y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en conjunto, parte apelada) presentó una *Querella*[1] contra el BPPR. En esta, la parte apelada alegó despido constructivo al

---

[1] Apéndice del recurso, págs. 1-8.

Número Identificador
SEN2024_____

amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, conocida como la *Ley Sobre Despidos Injustificados*[2] (Ley Núm. 80-1976); discrimen por impedimento al amparo de la Ley Núm. 44 de 2 de julio de 1985, según enmendada, conocida como la *Ley para Prohibir el Discrimen Contra las Personas con Impedimentos Físicos, Mentales o Sensoriales*[3] (Ley Núm. 44-1985) y la Americans with Disabilities Act (Ley ADA); y, represalias al amparo de la Ley Núm. 115 de 20 de diciembre de 1991, según enmendada, conocida como la *Ley contra el Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial*[4] (Ley Núm. 115-1991). El 25 de enero de 2023, el BPPR presentó su *Contestación a Querella*[5].

Posteriormente, el 22 de febrero de 2023, las partes presentaron una *Moción Informativa Conjunta sobre Acuerdo de Descubrimiento de Prueba*[6]. En dicha moción, las partes indicaron que se intercambiarían descubrimiento de prueba escrito en o antes del 10 de marzo de 2023. Además, indicaron que el BPPR le tomaría deposición a la parte apelada.

El 13 de marzo de 2023, el BPPR presentó una *Moción de Desestimación Parcial*[7], en la que solicitó la desestimación de las reclamaciones por despido constructivo al amparo de la Ley Núm. 80-1976 y discrimen bajo la Ley ADA.

Así las cosas, el 15 de marzo de 2023, el TPI celebró Conferencia Inicial[8]. Durante esta, el foro primario puntualizó que la representación legal de la parte apelada estaría cursando a la parte apelante en el término de diez (10) días un interrogatorio y requerimiento de producción de documentos. Asimismo, concedió a

---

[2] 29 LPRA sec. 185a, *et seq.*
[3] 1 LPRA sec. 501, *et seq.*
[4] 29 LPRA sec. 194, *et seq.*
[5] Apéndice del recurso, págs. 15-23.
[6] Apéndice del recurso, págs. 48-49.
[7] Apéndice del recurso, págs. 50-57.
[8] Apéndice del recurso, págs. 64-65.

la parte apelada un término de sesenta (60) días para producir un informe pericial.

El 8 de abril de 2023, notificada el 10 de abril de 2023, el TPI emitió *Sentencia Parcial*[9], en la que ordenó la desestimación y archivo sin perjuicio de las causas de acción instadas al amparo de la Ley Núm. 80-1976 y la Ley ADA.

El 27 de abril de 2023, la parte apelada presentó una *Moción informativa y solicitud de extensión en términos anunciados para descubrimiento de prueba*[10]. En su escrito, **informó que el 5 de abril de 2023 el señor Meléndez Valentín falleció, por lo que la parte apelada se había visto impedida de colaborar en el descubrimiento de prueba**. Añadió que esperaba retomar el proceso de descubrimiento de prueba a inicios del mes de junio de 2023. Ante ello, el 27 de abril de 2023, el TPI emitió una *Orden*[11] en la que se dio por enterado y ordenó a las partes informar el itinerario del descubrimiento de prueba acordado.

Consecuentemente, el 22 de mayo de 2023, las partes presentaron *Moción informativa conjunta sobre descubrimiento de prueba*, en la que informaron asuntos pendientes de descubrimiento de prueba[12].

En la misma fecha, el TPI emitió y notificó una *Orden*[13] mediante la cual ordenó a la parte apelada contestar los interrogatorios y producir las autorizaciones para producción de expedientes médicos en o antes del 31 de mayo de 2023. Más adelante, el 12 de junio de 2023, el TPI emitió y notificó una *Orden*[14], proveyendo a la parte apelada un término de cinco (5) días para acreditar que notificó a la parte apelante los anejos de las

---

[9] Apéndice del recurso, pág. 67.
[10] Apéndice del recurso, págs. 68-70.
[11] Apéndice del recurso, pág. 71.
[12] Apéndice del recurso, págs. 77-79.
[13] Apéndice del recurso, págs. 87-88.
[14] Apéndice del recurso, págs. 106-107.

contestaciones al primer pliego de interrogatorio y requerimiento de producción de documentos, so pena de sanciones.

Luego de varios trámites procesales, el 26 de junio de 2023, las partes presentaron una *Moción Informativa Conjunta y en Solicitud de la Conversión de los Procedimientos*. En su escrito, expresaron que la deposición de la señora Rivera Rosa había sido recalendarizada para el 2 de agosto de 2023, por lo que solicitaron la conversión de los procedimientos a uno ordinario. Ese día, el TPI emitió y notificó una *Orden*, mediante la cual declaró Ha Lugar la conversión de los procedimientos a uno ordinario.

El 18 de septiembre de 2023, el TPI, en corte abierta, concedió un término de veinte (20) días al representante legal de la parte apelada para que presentara una certificación de la psiquiatra donde informara si la señora Rivera Rosa estaba o no capacitada para declarar. Asimismo, en igual término debía informar el estatus de la prueba pericial[15]. Luego, el 5 de octubre de 2023, el TPI concedió un término final hasta el 30 de octubre de 2023, so pena de sanciones[16].

En vista de lo anterior, el 8 de noviembre de 2023, el TPI emitió y notificó *Orden*[17]. En esta, le impuso $100.00 en sanciones al representante legal de la parte apelada por incumplir las órdenes del 18 de septiembre de 2023 y 5 de octubre de 2023. El foro primario concedió un término de diez (10) días para sufragar las sanciones y cumplir con la orden, so pena de archivo[18].

Seguidamente, el 22 de noviembre de 2023, el BPPR compareció mediante *Moción de Desestimación*[19]. En síntesis, la parte apelante alegó que la representación legal de la parte apelada

---

[15] Apéndice del recurso, págs. 154-155.
[16] Apéndice del recurso, págs. 165-166.
[17] Apéndice del recurso, págs. 173-174.
[18] La sanción fue satisfecha el 28 de noviembre de 2023. Véase, apéndice del recurso, pág. 187.
[19] Apéndice del recurso, págs. 175-178.

no había satisfecho la sanción impuesta, ni la parte apelada había cumplido con lo ordenado. Ante el reiterado incumplimiento de la parte apelada, solicitó la desestimación de la *Demanda*.

Luego, el 4 de diciembre de 2023, la parte apelada presentó una *Moción solicitando sustitución de parte al amparo de la Regla 22.1 de las Reglas de Procedimiento Civil*[20] a los fines de sustituir al señor Meléndez Valentín por sus herederos José Alexis Meléndez Rivera y Johemy del Mar Meléndez Rivera.

En esta misma fecha, la parte apelada presentó una *Moción en solicitud de autorización para presentar enmienda a alegaciones de la demanda conforme a la Regla 13 de las Reglas de Procedimiento Civil*[21]. En esta, solicitó enmendar sus alegaciones contenidas en la *Demanda* **conforme al hecho de que el despido constructivo se materializó finalmente mediante notificación oficial de parte del patrono el 19 de abril de 2023**.

Así las cosas, el 4 de diciembre de 2023, el TPI emitió y notificó una *Orden*[22] en la que declaró No Ha Lugar la solicitud de desestimación instada por la parte apelante. Además, ordenó a las partes informar en diez (10) días la fecha de la deposición de la señora Rivera Rosa, itinerario de descubrimiento de prueba pendiente y tres (3) fechas para celebrar la Conferencia con Antelación al Juicio.

El 14 de diciembre de 2023, las partes comparecieron en una *Moción en cumplimiento de Orden sobre descubrimiento de prueba*[23].

---

[20] Apéndice del recurso, págs. 186-187.
[21] Apéndice del recurso, págs. 188-202.
[22] Apéndice del recurso, págs. 217-218.
[23] Apéndice del recurso, págs. 226-243. Cabe mencionar que en el inciso 7c al 7g la parte apelante alegó lo siguiente:
>     c. La parte demandante no ha provisto una relación concisa y específica de los anejos que produjo en las contestaciones al Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos con referencia a los interrogatorios y requerimientos que estima responde cada documento producido, según orden emitida el 30 de agosto de 2023. Véase SUMAC Núm. 40.
>     d. La parte demandante no ha producido las planillas certificadas que responden al interrogatorio número 23.

En lo pertinente, informaron que la deposición de la señora Rivera Rosa había sido pautada para el 29 de febrero de 2024 y proveyeron posibles fechas para la celebración de la Conferencia con Antelación al Juicio.

El 15 de diciembre de 2023, el TPI emitió y notificó *Orden*[24] en la que le ordenó a la parte apelada mostrar causa del porqué no debía desestimarse el caso por el reiterado incumplimiento con las órdenes del Tribunal. Además, apercibió que, de no acreditarse notificación del informe pericial en treinta (30) días, no sería permitida la prueba pericial.

Por su parte, el 19 de diciembre de 2023, el BPPR presentó *Oposición a Moción Enmienda a la Demanda*[25]. En esta misma fecha, el BPPR manifestó su oposición a la *Moción solicitando sustitución de parte al amparo de la Regla 22.1 de las Reglas de Procedimiento Civil* presentada por la parte apelada[26].

Consecuentemente, ese mismo día, y notificada el 20 de diciembre de 2023, el foro primario emitió una *Sentencia Parcial* en la que determinó que "[h]abiendo transcurrido el término dispuesto por la Regla 22.1 (b) de Procedimiento Civil, se declara No Ha Lugar

---

e. Las respuestas suplementarias al interrogatorio número 29 que solicita un desglose de daños económicos, no es responsiva. Este asunto fue objeto de una moción para compeler descubrimiento de prueba presentada por BPPR el 10 de agosto de 2023. Véase SUMAC Núm 35. La parte demandante nunca se opuso y la misma fue declarada Ha Lugar por el Tribunal el 30 de agosto de 2023. Véase SUMAC Núm. 40. En este sentido, en lo que respecta a los daños económicos, le corresponde a la parte no solamente probarlos, si no proveer el descubrimiento de prueba solicitado al respecto. "La indemnización por daños tiene que corresponder a la prueba; no es una industria forense. Para indemnizar un daño, hay que realmente sufrirlo y probarlo." Cintrón Adorno v. Gómez, 147 D.P.R. 576 (1999). El no proveer un desglose de los mismos bajo la premisa que los cálculos los hizo el abogado es una respuesta evasiva, toda vez que el abogado no es testigo en el juicio.

f. La parte demandante insistió en su objeción a proveer contestación al interrogatorio número 31 sobre las redes sociales de la demandante. Nuevamente, este asunto fue objeto de la Moción para Compeler del BPPR la cual fue declarada Ha Lugar por el Tribunal el 30 de agosto de 2023.

g. Al presente, la parte demandante no ha provisto la evidencia médica que justifica su incomparecencia a la deposición pautada para el pasado mes de agosto, según le fue ordenado durante la vista celebrada el 18 de septiembre de 2023. Véase SUMAC Núm. 41.

[24] Apéndice del recurso, págs. 244-245. Dicha *Orden* fue notificada a los representantes legales de las partes y a la parte apelada.

[25] Apéndice del recurso, págs. 246-248.

[26] Apéndice del recurso, págs. 249-250.

la solicitud de sustitución de parte por tardía [...]"[27]. En consecuencia, **ordenó la desestimación y archivo sin perjuicio** de la causa de acción del señor Meléndez Valentín.

Luego de una solicitud de prórroga, el 28 de diciembre de 2023, la parte apelada presentó una *Moción en cumplimiento de orden del día 15 de diciembre del 2023 según prórroga solicitada*[28]. Alegó que no procede la desestimación de la demanda por incumplimiento con las órdenes del Tribunal debido a que la señora Rivera Rosa estaba indispuesta para el proceso de deposición. **Dicha moción fue acompañada con una certificación de servicios psiquiátricos**. Además, la parte apelada se expresó respecto a los incisos 7c al 7g de la *Moción en cumplimiento de Orden sobre descubrimiento de prueba* presentada el 14 de diciembre de 2023.

El 19 de enero de 2024, notificada el 22 del mismo mes y año, el TPI emitió una *Orden*[29], en la que dispuso lo siguiente:

> Evaluadas las posiciones de las partes, advertimos a la parte demandante que las objeciones al interrogatorio o requerimiento de producción de documentos es tardía en esta etapa. Por tanto, nos corresponde evaluar si la parte demandante ha cumplido con las órdenes del tribunal, así como si suplementó las contestaciones y produjo los documentos de conformidad con la orden del 31 de agosto de 2023.
>
> Con respecto a la incomparecencia de la demandante a la deposición, damos por concluido el asunto con la certificación médica sometida.
>
> Con relación a la contestación al interrogatorio número 29, se le ordena a la parte demandante proveer una autorización suscrita bajo juramento por la demandante para que la parte demandada pueda gestionar, acceder e imprimir los estados de cuenta del Banco Popular señalados por dicha parte como evidencia de los daños económicos. Además, con respecto a la contestación al interrogatorio número 31, la parte demandante debe producir la documentación requerida por la parte demandada. También debe producir la planilla de contribución sob[r]e ingresos certificada correspondiente al año 2020.
>
> Se le[s] ordena a los abogados reunirse en o antes del 9 de febrero de 2024 para que se pueda explicar la relación de los documentos que se acompañan con la contestación a interrogatorio y de manera que la parte demandada pueda aclarar la tabla que fue suministrada por la parte

---

[27] Apéndice del recurso, págs. 255-257.
[28] Apéndice del recurso, págs. 260-330.
[29] Apéndice del recurso, págs. 401-404.

demandante. Se le ordena a la representación legal de la parte demandante promover la reunión.

**La parte demandante tiene hasta el 9 de febrero de 2024 para acreditar el cumplimiento de esta orden, so pena de severas sanciones y/o archivo del caso. Notifíquese a [la] parte demandante.** (Énfasis nuestro).

Así las cosas, el 27 de febrero de 2024, notificada el día siguiente, el TPI emitió *Sentencia.* En lo pertinente, el foro apelado dispuso lo siguiente:

> *Ante el incumplimiento con las órdenes del tribunal y demostrada la falta de interés de la parte demandante en la tramitación de su caso, se **desestima** la Demanda instada. Se ordena el **archivo con perjuicio** del presente caso*[30]. (Énfasis en el original).

En desacuerdo con la determinación, el 14 de marzo de 2024, la parte apelada presentó una *Moción en solicitud de reconsideración al amparo de la Regla 47*[31]. En síntesis, alegó que el BPPR indujo a error al Tribunal al alegar que procedía la desestimación por incumplimientos de la parte apelada con el descubrimiento de prueba, a pesar de que el BPPR aún no había contestado la *Demanda Enmendada.* Por tanto, solicitó que se dejara sin efecto la *Sentencia* y se ordenara a BPPR presentar su contestación a *Demanda Enmendada.*

Por su parte, el 26 de marzo de 2024, el BPPR presentó su *Oposición a "Moción en solicitud de reconsideración al amparo de la Regla 47"*[32]. En su escrito, señaló que la parte apelada incumplió dieciocho (18) órdenes emitidas por el foro primario sin mostrar justificación alguna. Además, sostuvo que en el presente caso concurren todos los factores para que el caso fuera desestimado con perjuicio.

El 27 de marzo de 2024, notificada el 1 de abril de 2024, el TPI emitió una *Resolución*[33], en la que declaró No Ha Lugar la solicitud de reconsideración instada por la parte apelada. Además,

---

[30] Apéndice del recurso, pág. 474.
[31] Apéndice del recurso, págs. 479-491.
[32] Apéndice del recurso, págs. 501-511.
[33] Apéndice del recurso, págs. 512-514.

el foro primario indicó que "este caso se mantuvo bajo el procedimiento sumario, por lo que la Sentencia dictada advino final y firme".

Luego, el 3 de abril de 2024, la parte apelada compareció mediante *Moción aclarando el tracto procesal y reiterando solicitud de reconsideración al amparo de la Regla 47*[34]. En esta, la parte apelada argumentó que el 26 de junio de 2023, las partes presentaron una moción conjunta en la que solicitaron la conversión del caso al procedimiento ordinario y, en esa misma fecha, el foro primario declaró ha lugar la referida moción. Por entender que el TPI había declarado no ha lugar su solicitud de reconsideración bajo el fundamento de que el caso se mantuvo bajo el trámite sumario, solicitó al foro primario que reconsiderara su determinación.

El 3 de abril de 2024, notificada el día siguiente, el TPI emitió una *Sentencia Enmendada*[35], en la que determinó lo siguiente:

> *Ante el incumplimiento con las órdenes del tribunal y demostrada la falta de interés de la parte demandante en la tramitación de su caso, se **desestima** la Demanda instada. Se ordena el **archivo sin perjuicio** del presente caso*[36]. (Énfasis en el original).

En esta misma fecha, el TPI emitió *Resolución*[37], mediante la cual declaró No Ha Lugar la solicitud de reconsideración instada por la parte apelada.

Insatisfecha, el 11 de abril de 2024, el BPPR presentó una *Moción de Reconsideración de Resolución y Sentencia Enmendada*[38]. En esencia, la parte apelante adujo que el dictamen del TPI no representa una consecuencia proporcional a los actos de la parte apelada. El mismo día, notificada el día siguiente, el TPI emitió *Resolución* en la que declaró No Ha Lugar la moción de reconsideración presentada por el BPPR.

---

[34] Apéndice del recurso, págs. 515-517.
[35] Apéndice del recurso, págs. 518-521.
[36] Apéndice del recurso, pág. 521.
[37] Apéndice del recurso, págs. 522-524.
[38] Apéndice del recurso, págs. 525-533.

Inconforme aún, el 9 de mayo de 2024, el BPPR compareció ante nos mediante el recurso de epígrafe, en el que le imputó al TPI la comisión del siguiente error:

> ERRÓ EL TPI Y ABUSÓ DE SU DISCRECIÓN AL ENMENDAR LA SENTENCIA PARA QUE LA DESESTIMACIÓN DE LA DEMANDA FUERA SIN PERJUICIO, A PESAR DEL ABUSO DE LOS PROCEDIMIENTOS EN QUE INCURRIÓ LA PARTE DEMANDANTE-APELADA Y EL DAÑO E INCERTIDUMBRE QUE TAL DETERMINACIÓN CAUSA A LA PARTE DEMANDADA-APELANTE LUEGO DE QUE ESTA ÚLTIMA LITIGÓ DILIGENTEMENTE EL PLEITO POR UN AÑO Y MEDIO.

El 17 de junio de 2024, la parte apelada compareció mediante *Alegato en Oposición.* Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### -A-

Las Reglas de Procedimiento Civil se interpretan de modo que faciliten el acceso a los tribunales y que garanticen una solución justa, rápida y económica de todo procedimiento[39]. Asimismo, las partes tienen el deber de ser diligentes y proactivas al promover sus causas. Este principio rige desde que se inicia el caso hasta la etapa de ejecución de la sentencia. Consecuentemente, el tribunal tiene la potestad de sancionar al litigante que dilata innecesariamente los procesos[40].

Entre la diversidad de posibles sanciones, se encuentra la desestimación contemplada por la Regla 39.2, *supra.* Esta disposición permite al TPI desestimar un pleito por la dejadez o inacción de las partes, o cuando alguna parte incumple con sus obligaciones bajo las Reglas de Procedimiento Civil o cualquier orden del TPI. En lo aquí pertinente, la Regla 39.2(a) dispone como sigue:

> (a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra ésta o la eliminación de las alegaciones,

---

[39] Véase 32 LPRA Ap. V, R. 1; *Sánchez Rodríguez v. Adm. de Corrección,* 177 DPR 714 (2009); *Reyes v. Cantera Ramos, Inc.,* 139 DPR 925 (1996).
[40] *Sánchez Rodríguez v. Adm. de Corrección, supra.*

según corresponda. Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. **Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones.** El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término. (Énfasis suplido.)

Como queda visto, según el lenguaje implementado en la Regla 39.2(a) aludida, en aras de garantizar el debido proceso de ley, el tribunal está obligado a seguir un procedimiento claramente prestablecido antes de ordenar la desestimación de la demanda o la eliminación de las alegaciones. Es decir, como parte del debido proceso de ley, la parte tiene que ser notificada por el tribunal de la situación de incumplimiento, junto a sus consecuencias y, además, se le tiene que brindar la oportunidad de tomar las medidas necesarias para corregirla.

Una desestimación con perjuicio bajo esta regla tiene el efecto de una adjudicación en sus méritos, por lo que, al advenir final y firme, constituye cosa juzgada "y le cerrará las puertas a la parte perjudicada para instar casos subsiguientes por los mismos hechos o causas de acción"[41].

A la misma vez, la política pública es que los casos deben resolverse en sus méritos[42]. Así pues, la desestimación es una medida extrema y drástica a la cual los tribunales no deben acudir

---

[41] Véase, *Sánchez Rodríguez v. Adm. de Corrección, supra,* pág. 721.
[42] 32 LPRA Ap. V., R. 1; *Díaz v. Hospital Episcopal,* 163 DPR 10, 20 (2004); *Vázquez v. López,* 160 DPR 714, 726 (2003).

desmesuradamente[43]. Ello, en atención a que se busca que los casos se resuelvan en sus méritos[44].

**III.**

En su recurso, el BPPR aduce que incidió el TPI y abusó de su discreción al enmendar la *Sentencia* para que la desestimación de la *Demanda* fuera sin perjuicio, ello a pesar de que la parte apelada abusó de los procedimientos al incurrir en reiterados incumplimientos con las órdenes del foro apelado.

Como mencionáramos en el precitado derecho, una desestimación con perjuicio bajo la Regla 39.2(b) tiene el efecto de una adjudicación en sus méritos, por lo que, al advenir final y firme, constituye cosa juzgada "y le cerrará las puertas a la parte perjudicada para instar casos subsiguientes por los mismos hechos o causas de acción"[45].

Tras examinar detenidamente el expediente apelativo colegimos que, el TPI no abusó de su discreción al desestimar la *Demanda* por incumplimiento con las órdenes del TPI. El foro primario hizo un balance adecuado entre el interés de descongestionar los tribunales de pleitos que simplemente atrasan el calendario y la política pública de que los casos se ventilen en sus méritos.

Asimismo, aun cuando el foro primario le advirtió a la parte apelada en múltiples ocasiones, que, de incumplir las órdenes, se exponía a sanciones económicas y/o la desestimación del caso[46]. De una lectura del expediente ante nuestra consideración, se desprende que, en el trámite del caso, la señora Rivera Rosa enfrentó

---

[43] Véase, *Sánchez Rodríguez v. Adm. de Corrección, supra*, pág. 714; *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 864 (2005).
[44] Véase, *Sánchez Rodríguez v. Adm. de Corrección, supra*, pág. 721.
[45] *Íd.*
[46] La Regla 39.2 de Procedimiento Civil requiere que se apliquen progresivamente, de menor a mayor severidad, las sanciones. Por ende, en este caso, una desestimación, con perjuicio, de la causa de acción incumpliría con el marco legal dispuesto por la referida regla.

diversas situaciones, lo que la limitó para poder colaborar en el descubrimiento de prueba. Ante estos hechos particulares, es nuestra posición que el foro primario actuó razonablemente y no abusó de su discreción al emitir la *Sentencia Enmendada* a los fines de desestimar la causa de acción **sin perjuicio**.

Por último, es menester señalar que, como se desprende de los hechos previamente reseñados, en este caso ocurrieron múltiples incidencias procesales que justifican la considerable dilación de los procedimientos, dificultando que se completara un adecuado descubrimiento de prueba. No obstante, apercibimos a la representación legal de la parte apelada de que el Canon 9 del Código de Ética Profesional dispone que todo "abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto"[47]. Asimismo, se le exige desplegar la diligencia necesaria para evitar que se causen dilaciones indebidas en la tramitación y solución de las causas[48].

**IV.**

Por los fundamentos antes expuesto, **confirmamos** el dictamen apelado.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[47] Canon 9 del Código de Ética Profesional de 24 de diciembre de 1970, según enmendado, 4 LPRA Ap. IX.
[48] Canon 12 del Código de Ética Profesional de 24 de diciembre de 1970, según enmendado, 4 LPRA Ap. IX.